## In re Lafayette Building & Loan Association

*Ralph S. Croskey*, for petitioner.
*William Brodsky*, contra.

SLOANE, J., May 31, 1940.—In 1937, this association elected to dissolve voluntarily. Petitioner was elected liquidating trustee and he acted as such until May 1940. On May 6, 1940, petitioner filed in this court a "Petition for Distribution Sur Account of George J. Edwards, Jr., Sole Liquidating Trustee of and for Lafayette Building & Loan Association." His reason for doing so is set forth in paragraph 4 of his petition: "The reason for the filing of this account is the resignation of your petitioner as the sole liquidating trustee of and for said building and loan association, and petitioner desires to account for the funds which have come into his hands so that he and the surety on his bond may be relieved from further liability upon the transfer of the remaining assets of the corporation to his successor in office."

At the same time he filed an account as of the end of last year.

All that he asked for in his petition was: (*a*) Commissions for himself; (*b*) counsel fee for his counsel, and (*c*) the award of the balance to his successor trustee.

The account was listed for May 27, 1940. Due notice was given.

On May 22, 1940, the Department of Banking took possession of the association; the Secretary of Banking filed a certificate, and a necessary duplicate with our prothonotary, in Court of Common Pleas No. 4, of which we have "suggestion". The secretary, as receiver, appointed a deputy receiver.

The receiver's counsel now objects to the liquidating trustee's petition, and asks us to dismiss the petition and vacate the account.

In view of the secretary's action we must dismiss the trustee's petition and refuse confirmation of the account and its supplement.

Neither the Building and Loan Code of May 5, 1933, P. L. 457, sec. 1110, nor the Department of Banking Code of May 15, 1933, P. L. 565 (the applicable codes), covers this situation. Nor, with our search, are we able to find a leaning or direction by decision. But, the Department of Banking has the power to take possession of an association which is in the process of voluntary dissolution, with the simultaneous power in the Secretary of Banking, "automatically and by operation of law," to become receiver: Building and Loan Code, supra, sec. 1110. Having done so with this association, he proceeds as with all associations of the same status. The liquidating trustee accounts to his successor, not to the court, just as the whole liquidating process (if not disturbed or suspended, as here) is within and under the Department of Banking.

If the Banking Department had not taken over, it would still have been its duty to appoint a successor to petitioner by reason of his resignation: Building and Loan Code, sec. 1109. Having become successor, by possession, there should be the same process of successorship. The simple thing is for the liquidating trustee to transfer directly to his successor and seek fruition of any claim or right, there, under the supervision of the court. Any rights or claims that he, or his counsel, or

his surety, has, should be taken care of through the Secretary of Banking, as receiver and successor to petitioner. We should not act or interfere at this juncture.

The confirmation of the account and supplement thereto of George J. Edwards, Jr., sole liquidating trustee of the Lafayette Building & Loan Association, is refused and the petition for distribution sur said account and supplement is dismissed, without prejudice to any rights or claims in petitioner, or his counsel, or his surety.